UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MIR T ISLAM AND MIR S. ISLAM, | : | |
| | : | |
| Plaintiffs, | : | Civil Action No.  17-CV-03955 |
| | : | |
| v. | : | |
| | : | |
| LEE'S MOTORS, INC. AND TOYOTA MOTOR | : | **ANSWER** |
| CREDIT CORPORATION, | : | |
| Defendants. | : | |
| | : | |
| | : | |

Defendant Toyota Motor Credit Corporation ("TMCC"), by its attorneys Reed Smith LLP, hereby submits its Answer and Affirmative Defenses in response to Plaintiffs Mir T. Islam and Mir S. Islam's ("Plaintiffs") Verified Complaint ("Complaint") and assert as follows:

## INTRODUCTION

1.      Paragraph 1 contains only legal conclusions and statements that are otherwise introductory in nature, therefore require no response.  To the extent a response is required, TMCC states only that Plaintiffs purports to bring this action as alleged. To the extent a response is required, TMCC denies the allegations.

2.      Paragraph 2 contains legal conclusions to which no response is required.  To the extent a response is required, TMCC denies the allegations.

3.      Paragraph 3 contains legal conclusions to which no response is required.  To the extent a response is required, TMCC denies the allegations.

## JURISDICTION AND VENUE

4.      Paragraph 4 contains legal conclusions to which no response is required.

5.      Paragraph 5 contains legal conclusions to which no response is required.

6.      Paragraph 6 contains legal conclusions to which no response is required.

7.      Paragraph 7 contains legal conclusions to which no response is required.  TMCC does not dispute that venue in this district is proper.

**THE PARTIES**

8.      In response to Paragraph 8, TMCC is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and, therefore, the allegations are denied.

9.      In response to Paragraph 9, TMCC is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and, therefore, the allegations are denied.

10.     In response to Paragraph 10, TMCC states that the referenced document ("Agreement") speaks for itself and denies the allegations to the extent they are inconsistent with that document.

11.     In response to Paragraph 11, TMCC states that the referenced document ("RIC") speaks for itself and denies the allegations to the extent they are inconsistent with that document.

12.     In response to Paragraph 12, TMCC is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and, therefore, the allegations are denied.

13.     In response to Paragraph 13, TMCC admits that it is incorporated under the laws of California and denies all other allegations.

**FACTS**

14.     In response to Paragraph 14, TMCC states that the Agreement speaks for itself and denies the allegations to the extent they are inconsistent with that document.

15.     In response to Paragraph 15, TMCC is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and, therefore, the allegations are denied.

16.     In response to Paragraph 16, TMCC is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and, therefore, the allegations are denied.

17.     In response to Paragraph 17, TMCC is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and, therefore, the allegations are denied.

18.     In response to Paragraph 18, TMCC is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and, therefore, the allegations are denied.

19.     In response to Paragraph 19, TMCC is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and, therefore, the allegations are denied.

20.     In response to Paragraph 20, TMCC is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and, therefore, the allegations are denied.

21.     In response to Paragraph 21, TMCC is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and, therefore, the allegations are denied.

22.     In response to Paragraph 22, TMCC is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and, therefore, the allegations are denied.

23.     In response to Paragraph 23, TMCC is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and, therefore, the allegations are denied.

24.     In response to Paragraph 24, TMCC states that the RIC speaks for itself and denies the allegations to the extent they are inconsistent with that document.

25.     In response to Paragraph 25, TMCC is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and, therefore, the allegations are denied.

## AS TO COUNT I

26.     The allegations in Paragraph 26 are prefatory to which no response is required. To the extent a response is required, TMCC incorporates its responses to Paragraphs 1 through 25 above as though fully restated herein.

27.     The allegations in Paragraph 27 are not directed at TMCC, therefore TMCC is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

28.     The allegations in Paragraph 28 are legal conclusions to which no response is required.  The allegations in Paragraph 28 are not directed at TMCC, therefore TMCC is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

29.     The allegations in Paragraph 29 are legal conclusions to which no response is required.  To the extent a response is required, TMCC denies the allegations.

30.     The allegations in Paragraph 30 are legal conclusions to which no response is required.  To the extent a response is required, TMCC denies the allegations.

31.     In response to paragraph 31, TMCC states that the RIC speaks for itself and denies the allegations to the extent they are inconsistent with that document.

32.     In response to paragraph 32, TMCC states that the RIC speaks for itself and denies the allegations to the extent they are inconsistent with that document.

33.     The allegations in Paragraph 33 are legal conclusions to which no response is required.  To the extent a response is required, TMCC states that the RIC speaks for itself and denies the allegations to the extent they are inconsistent with that document.

34.     In response to paragraph 34, TMCC states that the RIC speaks for itself and denies the allegations to the extent they are inconsistent with that document.

35.     In response to Paragraph 35, TMCC is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and, therefore, the allegations are denied.

36.     The allegations in Paragraph 36 are legal conclusions to which no response is required.  To the extent a response is required, TMCC denies the allegations.

37.     The allegations in Paragraph 37 are legal conclusions to which no response is required.  To the extent a response is required, TMCC states that the RIC speaks for itself and denies the allegations to the extent they are inconsistent with that document.

38.     To the extent the allegations in Paragraph 38 are directed at TMCC, TMCC denies the allegations.

39.     To the extent the allegations in Paragraph 39 are directed at TMCC, TMCC denies the allegations.

40.     In response to Paragraph 40, TMCC is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and, therefore, the allegations are denied.

41.     To the extent the allegations in Paragraph 41 are directed at TMCC, TMCC denies the allegations.

42.     To the extent the allegations in Paragraph 42 are directed at TMCC, TMCC denies the allegations.

## AS TO COUNT II

43.     The allegations in Paragraph 43 are prefatory to which no response is required. To the extent a response is required, TMCC incorporates its responses to Paragraphs 1 through 42 above as though fully restated herein.

44.     The allegations in Paragraph 44 are not directed at TMCC, therefore TMCC is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

45.     The allegations in Paragraph 45 are legal conclusions to which no response is required.  To the extent a response is required, TMCC denies the allegations.

46.     The allegations in Paragraph 46 are legal conclusions to which no response is required.  To the extent a response is required, TMCC admits the allegations.

47.     The allegations in Paragraph 47 are not directed at TMCC, therefore TMCC is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

48.     The allegations in Paragraph 48 are not directed at TMCC, therefore TMCC is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  To the extent a response is required, TMCC denies the allegations.

49.     To the extent the allegations in Paragraph 49 are directed at TMCC, TMCC denies the allegations.

## AS TO COUNT III

50.     The allegations in Paragraph 50 are prefatory to which no response is required.  To the extent a response is required, TMCC incorporates its responses to Paragraphs 1 through 49 above as though fully restated herein.

51.     To the extent the allegations in Paragraph 51 are directed to TMCC, TMCC denies the allegations.

52.     The allegations in Paragraph 52 are legal conclusions to which no response is required.  To the extent a response is required and to the extent the allegations in Paragraph 51 are directed at TMCC, TMCC denies the allegations.

53.     The allegations in Paragraph 53 are legal conclusions to which no response is required.  To the extent a response is required and to the extent the allegations in Paragraph 53 are directed at TMCC, TMCC denies the allegations.

54.     The allegations in Paragraph 54 are not directed at TMCC, therefore no response from TMCC is required.

55.     To the extent the allegations in Paragraph 55 are directed at TMCC, TMCC denies the allegations.

56.     The allegations in Paragraph 56 are not directed at TMCC, therefore no response from TMCC is required.

57.     To the extent the allegations in Paragraph 57 are directed at TMCC, TMCC denies the allegations.

## AS TO COUNT IV

58.     The allegations in Paragraph 58 are prefatory to which no response is required. To the extent a response is required, TMCC incorporates its responses to Paragraphs 1 through 57 above as though fully restated herein.

59.     To the extent the allegations in Paragraph 59 are directed at TMCC, TMCC denies the allegations.

60.     To the extent the allegations in Paragraph 60 are directed at TMCC, TMCC denies the allegations.

61.     The allegations in Paragraph 61 are not directed at TMCC, therefore no response from TMCC is required.

62.     The allegations in Paragraph 62 are not directed at TMCC and TMCC is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

63.     The allegations in Paragraph 63 are not directed at TMCC and TMCC is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

64.     To the extent the allegations in Paragraph 64 are directed at TMCC, TMCC denies the allegations.

65.     The allegations in Paragraph 65 are not directed at TMCC and therefore TMCC denies the allegations.

66.     The allegations in Paragraph 66 are not directed at TMCC and therefore TMCC denies the allegations.

TMCC denies the allegations set forth in the WHEREFORE Paragraph following Paragraph 66 and denies that Plaintiffs are entitled to the relief requested from TMCC.


## AFFIRMATIVE DEFENSES

TMCC also asserts the following affirmative defenses:

1.     Plaintiffs' claims fail to allege facts sufficient to state any cause of action upon which relief can be granted.

2.     Plaintiffs' claims are barred by all applicable statutes of limitations.

3.     Any damages which Plaintiffs may have suffered, which TMCC denies, were the direct and proximate result of the conduct of Plaintiffs. Therefore, Plaintiffs are estopped and barred from recovery of any damages.

4.     Plaintiffs have waived any and all claims, rights and demands that Plaintiffs had or may have against TMCC, and any claims by Plaintiffs asserted herein are subject to that waiver.

5.     If Plaintiffs suffered or sustained any loss, injury, damage, or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions,

activities, carelessness, recklessness, negligence, and/or intentional misconduct of Plaintiffs or of third parties, and not TMCC.

6.      Plaintiffs' claims are barred because Plaintiffs materially breached and continue to materially breach the Agreement.

7.      Plaintiffs' claims are barred because TMCC has not materially breached the Agreement.

8.      Plaintiffs' claims are barred because Plaintiff has failed to comply with the contractual requirements of the Agreement.

9.      Plaintiffs' claims are barred by the doctrines of laches, unclean hands, relinquishment, release, and/or abandonment.

10.     Plaintiffs' claims are barred by the doctrine of mistake.

11.     Plaintiffs' claims are barred because Plaintiff would be unjustly enriched by the relief sought in the Complaint.

12.     Any liability of TMCC, which is denied, is in all events subject to and limited by the Agreement.

13.     Plaintiffs did not incur any damages, injury, or loss as a result of any act or conduct by TMCC.

14.     Plaintiffs have failed, in whole or in part, to mitigate Plaintiffs' alleged damages.

TMCC has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.  TMCC therefore reserves the right to assert additional affirmative defenses in the event discovery indicates that they may be appropriate.

Dated:        New York, New York
              October 6, 2017

- 10 -

**REED SMITH LLP**


By: */s/ Nana Japaridze*
       Nana Japaridze
599 Lexington Avenue
New York, New York 10022
(212) 521-5400

*Attorneys for Defendant*
*Toyota Motor Credit Corporation*